UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIO LOPEZ-PENA,

    *Plaintiff*,

  v.

DONALD TRUMP et al.,

    *Defendants*.

Civil Action No. 19-2884 (RDM)

## ORDER

    This case is before the Court on the Department of Justice's motion to dismiss. Because the motion appears to address a different Freedom of Information Act ("FOIA") request than the one identified in the complaint and motion for reconsideration, and because the Department only addresses the correct FOIA request in a supplemental declaration submitted without further briefing or explanation, the Court will deny the Department's motion without prejudice to renew.

    Plaintiff alleges in his complaint that his "efforts to utilize" FOIA to obtain court records regarding his criminal case were "refused, neglected, hidden, or ignored by the government." Dkt. 1 at 2 (Compl. ¶ 10). Plaintiff avers that he requested the documents twice, once from the clerk of court and once through FOIA. *Id*. The complaint does not provide exact details about the FOIA request at issue, but it does include a list of eight types of materials that Plaintiff sought, including a copy of his arrest warrant, indictment, and grand jury transcripts. *Id*. (Compl. ¶ 7). In his motion for reconsideration, Plaintiff repeats the same list of materials and then specifies that his lawsuit is based on a FOIA request that he sent to the Department on August 2, 2019. Dkt. 6 at 4. As an exhibit to his motion for reconsideration, Plaintiff attaches a

copy of that FOIA request, which was delivered to the Department on August 9, 2019.  Dkt. 6-1.  The request seeks a similar, although not identical, set of materials as those listed in Plaintiff's complaint and motion for reconsideration, including a copy of his arrest warrant, indictment, and grand jury transcripts.  *Id*. at 2.  The Court thus understands Plaintiff's claims in this case to arise from the FOIA request he allegedly submitted in 2019.

The Department's motion to dismiss, however, is directed at an entirely different FOIA request—a request filed in 2013, with reference number ORACL-2014-01980, which sought "any and all documents related to Case # S1-(05-Cr.191 DC) Southern District of New York."  Dkt. 19-1 at 2; *see also* Dkt. 19-2 at 2–3 (Wilkinson Decl. ¶¶ 5–6); *Id*. at 7–8 (Ex. B).  The Department provides no briefing or argument with respect to the 2019 FOIA request.  But one day after filing its motion to dismiss, and without any explanation, the Department filed a supplemental declaration addressing the Plaintiff's 2019 FOIA request, asserting that the Department never received that FOIA request.  Dkt. 21-1 at 2 (Brinkmann Decl ¶ 5).

Ordinarily, when a defendant appends a supplemental declaration to a motion to dismiss, the motion must be treated as one for summary judgment.  *See* Fed. R. Civ. P. 12(d).  If the supplemental declaration the Department offers had any bearing on the motion to dismiss that it had previously filed and briefed, that approach might make sense.  But, here, the Department has never briefed—whether in the form of a motion to dismiss or a motion for summary judgment—the issues that it addresses in the supplement declaration.  Under these unique circumstances, the Court concludes that the proper course is to deny the Department's misdirected motion to dismiss without prejudice on the ground that, as far as the Court can discern, it addresses the wrong FOIA request, and to treat the supplemental declaration as premature on the ground that

the Department has yet to move for summary judgment with respect to the FOIA request addressed in that declaration.

Accordingly, it is hereby **ORDERED** that the Department's motion to dismiss is **DENIED** without prejudice. If Plaintiff disagrees with the Court's understanding that his complaint and motion for reconsideration refer to only the 2019 FOIA request, it is hereby **ORDERED** that he shall file a notice with the Court clarifying his claims on or before September 4, 2020. It is further **ORDERED** that the Department shall respond to the complaint on or before September 18, 2020, and may, to the extent it seeks to rely on materials outside the pleadings, move for summary judgment on or before September 18, 2020.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 11, 2020