UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIO LOPEZ-PENA,

    *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

    *Defendant.*

Civil Action No. 19-2884 (RDM)

**MEMORANDUM OPINION**

Plaintiff Julio Lopez-Pena, a federal prisoner proceeding *pro se*, filed this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to challenge the Department of Justice's failure to respond to his 2019 request for records related to his prosecution in the Southern District of New York. *See* Dkt. 1; Dkt. 6. In an earlier order, the Court denied without prejudice the Department's first motion to dismiss, Dkt. 19, because the Department's motion focused on a 2013 FOIA request that is not at issue in this case. Dkt. 23. Now pending before the Court is the Department's renewed motion to dismiss or, in the alternative, for summary judgment. Dkt. 26. The Department argues that it never received Plaintiff's 2019 request and thus was under no obligation to respond. In opposing the motion, Plaintiff concedes that he did not mail his 2019 request to the correct address and that, as a result, the request was returned to him. In 2020, he resent a substantially identical request to the correct address, and the Department has provided an initial response. In light of Plaintiff's concession that he misdirected his 2019 request, the Court will grant summary judgment to the Department. To the extent that Plaintiff is dissatisfied with

1

the Department's response to his 2020 request, he may challenge that response by filing another lawsuit.

## I. BACKGROUND

As the Court explained in its prior order, Plaintiff alleges in his complaint that his "efforts to utilize" FOIA to obtain court records regarding his criminal case were "refused, neglected, hidden, or ignored by the government." Dkt. 1 at 2 (Compl. ¶ 10). Plaintiff avers that he requested the documents twice, once from the clerk of court and once through FOIA. *Id.* The complaint does not provide exact details about the FOIA request at issue, but it does include a list of eight types of materials that Plaintiff sought, including a copy of his arrest warrant, indictment, and grand jury transcripts. *Id.* (Compl. ¶ 7). When Plaintiff initially filed this action, the Court (Chutkin, J.) dismissed the case *sua sponte*, in part because the complaint "neither references a FOIA request number nor contains any other information, e.g. a copy of the actual request(s) submitted," that would permit the Court to ascertain "what specific document(s) [P]laintiff even seeks." Dkt. 4 at 3. Plaintiff then moved for reconsideration, specifying that his lawsuit is based on a FOIA request that he sent to the Department's Executive Office for United States Attorneys ("EOUSA") on August 2, 2019. Dkt. 6 at 4. As an exhibit to his motion for reconsideration, Plaintiff attached a copy of that FOIA request. Dkt. 6-1. The Court (Mehta, J.) granted the motion for reconsideration and "allow[ed] this action to proceed as one under the FOIA against the U.S. Department of Justice." Dkt. 7 at 1. At that point, the case was assigned to the undersigned Judge.

On July 21, 2020, the Department moved to dismiss. Dkt. 19. The Department's motion was directed at an entirely different FOIA request that Plaintiff submitted in 2013. Dkt. 19-1 at 2; *see also* Dkt. 19-2 at 2–3 (Wilkinson Decl. ¶¶ 5–6); *id.* at 7–8 (Ex. B). The Department

2

provided no briefing or argument with respect to the 2019 request.  But one day after filing its motion to dismiss, and without any explanation, the Department filed a supplemental declaration asserting that it never received Plaintiff's 2019 request.  Dkt. 21-1 at 2 (Brinkmann Decl ¶ 5).  Given the circumstances, "the Court conclude[d] that the proper course [was] to deny the Department's misdirected motion to dismiss without prejudice on the ground that, as far as the Court [could] discern, it addresse[d] the wrong FOIA request, and to treat the supplemental declaration as premature on the ground that the Department ha[d] yet to move for summary judgment with respect to the FOIA request addressed in that declaration."  Dkt. 23 at 2–3.

The Department has now filed a renewed motion to dismiss or, in the alternative, for summary judgment.  Dkt. 26.  That motion is properly directed at the 2019 request, which is the only FOIA request involved in this case.  *Id.*  Defendant opposes the motion.  Dkt. 30.

## II. LEGAL STANDARD

Congress enacted FOIA "to ensure public access to a wide range of government reports and information[,] . . . to pierce the veil of administrative secrecy[,] and to open agency action to the light of public scrutiny."  *Bartko v. Dep't of Just.*, 898 F.3d 51, 61 (D.C. Cir. 2018) (quotation marks and citations omitted).  "The basic purpose of FOIA is to ensure an informed citizenry, [which is] vital to the functioning of a democratic society[] [and] needed to check against corruption and to hold the governors accountable to the governed."  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  Simply put, "FOIA protects the basic right of the public 'to be informed about what their government is up to.'"  *Hall & Assocs. v. EPA*, 956 F.3d 621, 624 (D.C. Cir. 2020) (quoting *Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y*, 827 F.3d 145, 150 (D.C. Cir. 2016).  The Court reviews the agency's decision de novo, and the

agency bears the burden of sustaining its action. 5 U.S.C. § 552(a)(4)(B); *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008).

The Department moves for dismissal or, in the alternative, for summary judgment. When considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Twombly*, 550 U.S. at 570.

FOIA cases are more commonly resolved on motions for summary judgment under Federal Rule of Civil Procedure 56. *Shapiro v. U.S. Dep't of Just.*, 153 F. Supp. 3d 253, 268 (D.D.C. 2016). To prevail on a summary judgment motion, the moving party must demonstrate that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In a FOIA case, in particular, a court deciding a summary judgment motion must "ascertain whether the agency has sustained its burden of demonstrating that the documents requested are . . . exempt from disclosure." *ACLU v. U.S. Dep't of Just.*, 655 F.3d 1, 5 (D.C. Cir. 2011) (quotation marks and citations omitted). An agency can carry its burden and prevail on a motion for summary judgment by presenting affidavits that "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Elec. Frontier Found. v. U.S. Dep't of Just.*, 739 F.3d 1, 7 (D.C. Cir. 2014) (quotation marks and citation omitted).

### III. ANALYSIS

The Department contends that it is entitled to prevail because it never received the 2019 request that forms the basis of Plaintiff's complaint. "An agency's disclosure obligations [under FOIA] are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations." *Mitchell v. Samuels*, 160 F. Supp. 3d 8, 11 (D.D.C. 2016) (quoting *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008)). More specifically, the twenty-day period for an agency to respond begins to run "on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations under [FOIA] to receive requests." 5 U.S.C. § 552(a)(6)(A)(ii). "If no FOIA request is received, an agency has no reason to search" for or to produce records. *Mitchell*, 160 F. Supp. 3d at 12; *see also West v. Jackson*, No. 6-5281, 2007 WL 1723362, at *1 (D.C. Cir. Mar. 6, 2007) (per curiam); *Banks v. Lappin*, 539 F. Supp. 2d 228, 235 (D.D.C. 2008); *Schoenman v. FBI*, No. 04-2202, 2006 WL 1126813, at *13 (D.D.C. Mar. 31, 2006); *Hutchins v. Dep't of Just.*, No. 00-2349, 2005 WL 1334941, at *1–2 (D.D.C. June 6, 2005). A FOIA requester must offer evidence "sufficient to establish the existence of an element essential to his case (i.e., proper filing and receipt) to survive [a] dispositive motion[ ]." *Schoenman*, 2006 WL 1126813, at *13.

Here, the Department attests, through a second declaration from EOUSA Attorney-Advisor Justin P. Wilkinson, that "EOUSA does not have a record of receiving Plaintiff's alleged FOIA request" from 2019. Dkt. 26-1 at 3 (2d Wilkinson Decl. ¶ 13). Wilkinson explains that members of the public may submit FOIA requests to EOUSA either online or by mail "to EOUSA [at] 175 N. Street, NE, Suite 5.400, Washington, DC 20530-0001." *Id.* at 2 (2d

5

Wilkinson Decl. ¶ 6).  Incarcerated requesters, such as Plaintiff, tend to submit their requests by mail.  *Id.* at 3 (2d Wilkinson Decl. ¶ 7).  When EOUSA receives a FOIA request by mail, the request is, as a general matter, "logged into a correspondence logbook, entered into the agency's FOIAOnline database, and assigned an EOUSA processing number."  *Id.* (2d Wilkinson Decl. ¶ 8).

As Wilkinson points out, Plaintiff's submissions indicate that he mailed his 2019 request to "111 Massachusetts Av. NW, Washington, DC 20529."  *Id.* at 3 (2d Wilkinson Decl. ¶ 12); *see also* Dkt. 30-1 at 13 (mailing receipt).  But "EOUSA has never maintained an office at that address, nor does it receive FOIA requests submitted to that location."  Dkt. 26-1 at 3 (2d Wilkinson Decl. ¶ 12).  Wilkinson nevertheless checked in several places for Plaintiff's request.  He searched the online database "for all variations of the requester's name and the subject of the request" but found nothing.  *Id.* (2d Wilkinson Decl. ¶ 9).  He also looked for any reference to Plaintiff's request in the EOUSA "correspondence log book" but again came up empty.  *Id.* (2d Wilkinson Decl. ¶ 10).  Finally, he asked the Department's Office of Information Policy whether it had ever received an appeal related to Plaintiff's 2019 request, but the Office had no record of any such appeal.  *Id.* (2d Wilkinson Decl. ¶ 11).

In opposing the Department's motion, Plaintiff concedes that he sent his 2019 request to 111 Massachusetts Avenue N.W., Washington, DC 20530 and that "the 'CRDS' postal operations, under the United States Department of Homeland Security, 'returned' [the request] without explanation."  Dkt. 30 at 3.  Plaintiff thus acknowledges that he sent the 2019 request to the wrong address and that the Department of Justice never received it (although the Department of Homeland Security, an entirely different agency, may have temporarily been in possession of Plaintiff's request).  It is thus undisputed that EOUSA never received Plaintiff's 2019 request.

6

Despite admitting that his 2019 request never made its way to EOUSA, Plaintiff contends that the Court should deny the Department's motion for two reasons. First, he argues that the federal government is to blame for his use of the wrong address, because he copied the Massachusetts Avenue N.W. address from a bulletin board in the law library of the prison where he is incarcerated, FCI Allenwood Medium. Dkt. 30 at 4. In a supplemental filing, Plaintiff submits a photograph of the offending flyer, which indicates that the "Director" of the "Freedom of Information Act" receives mail at the Massachusetts Avenue N.W. address. Dkt. 33 at 6. The flyer does not indicate for which agency this Director works. *Id.* In addition, the flyer lists 950 Pennsylvania Avenue N.W. as the address for sending FOIA requests to the Office of Attorney General. *Id.* That address is the Department's headquarters but is not where the Office of the Attorney General typically receives FOIA requests. *See* OAG Freedom of Information Act (updated April 22, 2021), https://www.justice.gov/ag/oag-freedom-information-act (listing an address on G Street N.W. for sending FOIA requests to the Office of Attorney General). In any event, Plaintiff did not send his request to that address, which might have at least gotten his request to the correct agency.

It is unfortunate that the bulletin board in the prison law library includes misleading information, but, contrary to Plaintiff's suggestion, nothing in the record indicates that the erroneous flyer was placed in the prison law library by any official from the Bureau of Prisons or from any other component of the Department of Justice. In any event, the fact remains that EOUSA did not receive Plaintiff's 2019 request. And EOUSA cannot be expected to respond to FOIA requests that it never receives, even when the requester misdirects the request through no fault of his own.

7

Second, Plaintiff argues that the Department "cannot pretend to be unaware of" which records Plaintiff is seeking because Plaintiff resent his FOIA request to the correct address on August 5, 2020. Dkt. 30 at 2, 7. EOUSA has provided an initial response to Plaintiff's 2020 request, assigning it number 2020-004172 and asking Plaintiff to "correct . . . deficiencies" in his request by "identify[ing] the specific United States Attorney's office(s) where [he] believe[s] records may be located." Dkt. 30-1 at 9. On September 7, 2020, Plaintiff replied that he sought records from the Southern District of New York. *Id.* at 10. The parties' briefs do not indicate what happened to Plaintiff's 2020 request after that. Regardless, as the Department points out in its reply, this lawsuit pertains only to the 2019 request, and Plaintiff cannot use this case as a vehicle to litigate over a "request that was submitted *after* Plaintiff filed the complaint in this case." Dkt. 32 at 2. The Court has no way of knowing whether EOUSA has disclosed (or withheld) any records in response to the 2020 request, whether Plaintiff is satisfied with EOUSA's response to that request, or whether Plaintiff has exhausted his administrative remedies with respect to that request. To the extent that Plaintiff is dissatisfied with the Department's response to his 2020 request, he may file a separate lawsuit challenging that response. But his submission of a separate FOIA request cannot salvage this action, which is based on only the 2019 request.

The Court concludes that EOUSA never received Plaintiff's 2019 request, and, accordingly, Plaintiff "cannot establish an essential element of a FOIA action," namely the "receipt of a FOIA request." *Schoenman*, 2006 WL 1126813, at *13. The only remaining question is whether the appropriate result is for the Court to dismiss Plaintiff's case or to enter summary judgment for the Department (given that the Department moves to dismiss or, in the alternative, for summary judgment). Decisions from this district have been inconsistent when

8

resolving FOIA cases on the ground that the agency never received the request. *Compare id.* (granting dismissal) *with Mitchell*, 160 F. Supp. 3d at 12–13 (granting summary judgment). Although the choice might be of little consequence, the Court concludes that granting summary judgment is the more appropriate course. Courts have classified a requester's failure to deliver his request to the agency as a type of failure to exhaust administrative remedies. *See Mitchell*, 150 F. Supp. 3d at 11–13. But "the exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so." *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). Because the exhaustion requirement is not jurisdictional, because FOIA cases are typically resolved on motions for summary judgment, because the issue is a factual one, and because there is no genuine dispute of material fact with respect to whether the Department received Plaintiff's request, the Court will grant summary judgment to the Department.

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** the Department's motion for summary judgment, Dkt. 26, and will, accordingly, enter final judgment in favor of the Department.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  July 20, 2021